# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

RICARDO BEDOYA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-87

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ricardo Bedoya ("Bedoya"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a Petition for Writ of *Audita Querela* pursuant to 28 U.S.C. § 1651, as supplemented. (Docs. 1, 5.) Bedoya also filed Motions for Leave to Proceed *In Forma Pauperis*. (Docs. 2, 4, 6.) In addition, Bedoya filed two Notices of Request for Mandatory Judicial Notice and a Motion for a Non-Binding Alternative Dispute Resolution. (Docs. 7, 8, 9.) The Court **DENIES** Bedoya's Motions to Proceed *In Forma Pauperis*. For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Bedoya's Petition, **DENY** Bedoya's Motion for a Non-Binding Alternative Dispute Resolution, **DISMISS** Bedoya's alternative Writ of *Praecipe*, **CLOSE** this case, and **DENY** Bedoya *in forma pauperis* status on appeal.

## BACKGROUND

Bedoya, who is also known as Esteban Colon, pleaded guilty in the Northern District of Illinois, to attempted possession of a kilogram of heroin with intent to distribute, in violation of 21 U.S.C. § 846. Bedoya was sentenced to 125 months' imprisonment, to run concurrently to his

undischarged terms of imprisonment arising from prosecutions in the Eastern District of Missouri and the Southern District of Florida, and to pay an assessment of $100 and a fine of $400. Bedoya was also required to forfeit $17,000.00. Amended J., United States v. Colon, 1:05-cr-00601-4 (N.D. Ill. Nov. 24, 2009), ECF No. 397. Bedoya's conviction and sentence were affirmed on appeal. Mandate, United States v. Colon, 1:05-cr-00601-4 (N.D. Ill. Oct. 1, 2010), ECF No. 418. Bedoya is currently incarcerated at FCI Jesup, which lies within this District.

## DISCUSSION

In his Petition, Bedoya asserts that the writ of *audita querela* is an equitable remedy which is reserved for extreme cases and provides relief from the consequences of a conviction when a defense or discharge arises after the entry of final judgment. (Doc. 1, p. 2.) Bedoya avers he has notified the Government of his desired discharge, and the Government has failed or refused to honor and return his "payment" for all costs and fees. (Id. at p. 3.) Bedoya states the Government "routinely" collects promissory notes as satisfaction of any debt owed to the United States. (Doc. 5, p. 2.) Bedoya further states that promissory notes are negotiable instruments and can be used as a substitute for money. (Id.)

**I.     Whether Bedoya can Proceed Pursuant to a Writ of *Audita Querela***

The writ of *audita querela*, "Latin for 'the complaint having been heard,' was an ancient writ used to attack the enforcement of a judgment after it was rendered." United States v. Holt, 417 F.3d 1172, 1174 (11th Cir. 2005). The writ was typically employed by a debtor in a civil case to stop a judgment's execution "because of some defense or discharge arising subsequent to the rendition of the judgment." Id. "*Audita querela* is distinguished from *coram nobis* in that *coram nobis* attacks the judgment itself, whereas *audita querela* is directed against the

enforcement, or further enforcement, of a judgment which, when rendered, was just and unimpeachable." United States v. Miller, 599 F.3d 484, 487 (5th Cir. 2010). "A writ of *audita querela* is now available only to attack a criminal judgment." Orlansky v. United States, 627 F. App'x 915 (11th Cir. 2015) (citing Fed. R. Civ. P. 60(e)).

However, the Eleventh Circuit has held that *audita querela* cannot be used to reduce a restitution judgment when statutory avenues exist to achieve that reduction. Id. at 915–16. In Orlansky, the court explained that, though federal courts retain the authority to issue all writs, that residual authority does not apply if a statute addresses the issue at hand. Id. at 915 (citing Pa. Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 43 (1985)). The court went on to explain that 18 U.S.C. § 3664 provided the petitioner an avenue to obtain the relief he sought through *audita querela*. Id. at 916. Accordingly, the Eleventh Circuit affirmed the district court's dismissal of the petition. Id.

Likewise, in this case, it appears that Bedoya's avenue for relief, if any, rests with the sentencing court. Through 18 U.S.C. § 3664(o), Congress has provided mechanisms by which the sentencing court can correct, amend, and modify an order of restitution. Thus, to the extent that Bedoya takes issue with the order of restitution, it appears he has avenues available to him without resorting to the writ of *audita querela*.

To the extent that Bedoya argues any order of restitution has become infirm due to circumstances after the entry of the order, some Circuits have recognized, "with some reservation, that the writ of *audita querela* might also survive in criminal adjudications, if there is a gap for it to fill" in the federal post-conviction remedial scheme. United States v. Miller, 599 F.3d 484, 487 (5th Cir. 2010) (citing United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993)); United States v. Reyes, 945 F.2d 862, 865 & n.5 (5th Cir. 1991); United States v. Holder,

3

936 F.2d 1 (1st Cir. 1991); United States v. Ayala, 894 F.2d 425, 429 (D.C. Cir. 1990); United States v. Kimberlin, 675 F.2d 866 (7th Cir. 1982). However, it is not clear if that authority would provide Bedoya with the ability to bring an independent cause of action in this Court as opposed to petitioning the sentencing court. Ordinarily, a sentencing court retains jurisdiction over its restitution order. United States v. Joseph, 914 F.2d 780 (6th Cir. 1990); United States v. Smith, No. CR01-0057, 2010 WL 55484, at *3 (N.D. Iowa Jan. 6, 2010); United States v. Watson-El, No. 04-00181-01-CR-W-NKL, 2009 WL 1765007, at *2 (W.D. Mo. June 22, 2009); United States v. Holland, 380 F. Supp. 2d 1264, 1269 (N.D. Ala. 2005). As the Seventh Circuit Court of Appeals explained, "the district court must make clear in its [restitution] order that it is retaining supervision and control over the defendants, including the payment of restitution, and that any problems encountered in the enforcement of the [restitution] order, by either the probation department or the defendants, must be brought to the sentencing judge's attention for resolution by him." United States v. Boula, 997 F.2d 263, 269 (7th Cir. 1993).

Bedoya's substantive arguments in support of the writ entirely lack legal support. There is absolutely no basis for Bedoya's argument that, by delivering a note of personal indebtedness to the Government, he somehow satisfied his restitution obligations. Bedoya's promissory note is worth less than the paper that it was written on, and the Government was under no obligation to accept it. Obviously, if a defendant's unsecured promissory note satisfied restitution obligations and assessments, victims and the Government would consistently be left "holding the bag" of worthless paper.[1]

Unsurprisingly, courts have categorically rejected similar attempts at "payment" made by other defendants. See, e.g., In re Smith v. Behavioral Sys. Sw., No. ED CV151226RT (PLA),

---

[1] Bedoya's "payment" to the Government is reminiscent of Lloyd Christmas' provision of a suitcase full of handwritten IOUs with the assurance, "That's as good as money, sir. Those are IOUs. Go ahead and add it up. Every cent's accounted for." *Dumb and Dumber* (New Line Cinema 1994).

4

2015 WL 4607855, at *3 (C.D. Cal. July 30, 2015) ("[P]etitioner here has provided the Court with no evidentiary (or on-point legal) support for his claim that the alleged 'bond' or 'promissory note' that he discusses in his Exhibits to the Petition satisfies his outstanding restitution obligation. Indeed, none of the documents attached to the Petition demonstrates that petitioner has provided any acceptable payment to the Court that would discharge his restitution obligation in whole or in part."); Harris v. Rios, No. 1:11-CV-01722-BAM-HC, 2012 WL 913757, at *4 (E.D. Cal. Mar. 16, 2012) ("Petitioner cites no authority, however, and the Court is aware of none, that requires either a custodial authority or a sentencing court to permit a prisoner to satisfy a criminal judgment for a fine by a prisoner's service of the sentence, a promissory note, or unspecified personal property."). Moreover, Bedoya's putative restitution obligation is not governed by the Uniform Commercial Code, as he claims, but instead by 18 U.S.C. § 3664(f)(3)(A). That statute prescribes the acceptable forms of restitution payments, including: a single, lump-sum payment; partial payments at specified intervals; in-kind payments; or a combination of payments at specified intervals and in-kind payments. "IOUs" and promissory notes are not included in the statute's list or in Bedoya's sentencing court's judgment and order.

For all of these reasons, the Court should **DISMISS** Bedoya's Petition.

## II. Whether Bedoya can Proceed Pursuant to the All Writs Act

Bedoya asserts he is bringing his Petition for *Audita Querela* pursuant to 28 U.S.C. § 1651. That Act permits courts to "issue all writs necessary or appropriate in aid of their . . . jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Unlike a traditional collateral proceeding, an injunction under the All Writs Act is not predicated on a

cause of action.[2] Klay v. United HealthGroup, Inc., 376 F.3d 1092, 1100 (11th Cir. 2004). Rather, the movant "must simply point to some ongoing proceeding, or some past order or judgment [of the court], the integrity of which is being threatened by someone else's action or behavior." Id. However, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." Pa. Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 43 (1985). Consequently, Bedoya cannot use the All Writs Act to collaterally attack a conviction or sentence where post-conviction relief is available through 28 U.S.C. § 2255. See Morales v. Fla. Dep't of Corr., 346 F. App'x 539, 541 (11th Cir. 2009). The fact that Bedoya may not ultimately be able to obtain relief under Section 2255 because of procedural default, the statute of limitations, or some other similar bar, does not provide grounds for the Court to invoke the All

---

[2] The All Writs Act permits for the issuance of injunctive relief. Only three types of injunctions may be issued by federal courts. Klay, 376 F.3d at 1097. They are: (1) statutory injunctions; (2) "traditional" injunctions; and (3) injunctions issued under the All Writs Act, 28 U.S.C. § 1651(a). Id. at 1097–99.

A statutory injunction is available only "where a statute bans certain conduct or establishes certain rights, then specifies that a court may grant an injunction to enforce the statute." Id. at 1098. "[T]he standards for granting statutorily-authorized injunctions are necessarily controlled by the statute itself." Id. Bedoya does not cite any federal statutory scheme which supports his request for an injunction.

A "traditional" injunction is the type of injunction with which courts are perhaps most acquainted. A traditional injunction permits a temporary (or permanent) injunction where: (1) the movant has a substantial likelihood of (or actual) success on the merits of the underlying claim; (2) irreparable injury will result absent the injunction; (3) the threatened injury outweighs whatever damage the injunction may cause; and (4) the injunction would not have an adverse impact on the public interest. Id. at 1097. As the first factor makes clear, any motion or suit for a traditional injunction must be predicated upon a cause of action, such as nuisance, trespass, the First Amendment, etc., regarding which a plaintiff must show a likelihood or actuality of success on the merits.

There is no such thing as a suit for a traditional injunction in the abstract. Id. To the extent Bedoya seeks injunctive relief through this cause of action, he does not predicate any of his putative requests for injunctive relief on any independent cause of action. Rather, his putative request for an injunction is the quintessential request for an injunction in the abstract.

Writs Act. Id. (affirming district court's dismissal of petitioner's collateral attack on his conviction, brought pursuant to the All Writs Act, as a successive habeas petition "[b]ecause [petitioner] could not circumvent the statutory requirements for filing a successive § 2254 petition by invoking the All Writs Act[.]"); see also United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (common law writ of *audita querela* may not be granted when relief is cognizable under 28 U.S.C. § 2255).

Here, Bedoya essentially asks this Court to invalidate the restitution portion of his conviction and sentence, and this Court lacks jurisdiction over such a request. Such a request should be brought pursuant to 28 U.S.C. § 2255 in the district of Bedoya's conviction. Accordingly, the Court should **DISMISS** Bedoya's cause of action for this reason, as well.

### III.    Alternative Writ of *Praecipe*

In his Supplement to his Petition, Bedoya requests that the Court command the Government to enter a satisfaction of judgment on the record under the writ of *praecipe*. (Doc. 5, p. 3.) A writ of *praecipe* may be available to federal courts under the All Writs Act, which, as stated in the preceding Section, permits federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). "In any case, a writ of *praecipe* amounts to a 'written motion or request seeking some court action.'" Rainey v. United States, No. CIV.A. 1:11-0699, 2012 WL 4320852, at *2 (S.D.W. Va. Sept. 20, 2012) (quoting Black's Law Dictionary, "*Praecipe*," (9th ed. 2009)).

Here, Bedoya seeks to have this Court order that his conviction and sentence be satisfied based on his offer of a release made to the Government. As stated above, this Court lacks jurisdiction over such a request. Consequently, the Court should **DISMISS** Bedoya's alternative request for a Writ of *Praecipe*.

### IV. Leave to Appeal *In Forma Pauperis*

The Court should also deny Bedoya leave to appeal *in forma pauperis*. Though Bedoya has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Bedoya's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Bedoya's Petition for Writ of *Audita Querela*, filed pursuant to 28 U.S.C. § 1651, (doc. 1), **DENY** Bedoya's Motion for a Non-Binding Alternative Dispute Resolution, (doc. 9), **DISMISS** Bedoya's alternative Writ of *Praecipe*, **CLOSE** this case, and **DENY** Bedoya leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Bedoya.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA